UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **George Edward Steins** | : | |
| Plaintiff | : | No.  3:24-CV-1423  (XXX ) |
| | : | |
| v. | : | |
| | : | |
| **Sunrun, Inc.** | : | |
| **Sunrun Installation Services, Inc.** | : | |
| **Lynn Jurich** | : | |
| **Mary Powell** | : | |
| **Paul Winnowski** | : | |
| **Brian Ferguson** | : | |
| **Patrick Cassidy** | : | |
| | : | |
| Defendants. | : | September 4, 2024 |

## COMPLAINT

*Count One*       *Negligent Infliction of Emotional Distress (All Defendants)*

1.   On February 16, 2024, George Edward Steins was wrongfully accused of employing an unregistered home improvement salesperson on behalf of Sunrun Installation Services, Inc, and was wrongfully arrested by warrant that was prepared by Defendants Ferguson and Cassidy.

2.   The arrest warrant lacked probable cause.

3.   The Plaintiff was employed by Surun, Inc., the parent corporation of its installation subsidiary Sunrun Installation Services, Inc., hereinafter "Sunrun," from 2014 to October 2017.  Plaintiff was the original contractor of record, the person who will direct or supervise the performance of home improvements, for Sunrun

|     |     |
| --- | --- |
|     | Installation Services, Inc. under Home Improvement Contractor license #HIC.0642655. |
| 4.  | Plaintiff George Edward Steins is an adult male who resides in Bedford, NY. |
| 5.  | Defendant Mary Powell is the CEO of Defendant Sunrun (Sunrun, Inc. and Sunrun Installation Services, Inc.), and was the CEO prior to the Plaintiff's arrest and during the investigation conducted by Defendants Cassidy and Ferguson. |
| 6.  | Defendant Lynn Jurich was the CEO of Sunrun, Inc, at the time of the Plaintiff's employment and his departure from that company. She remained the CEO for a period thereafter, and she currently serves on the board of directors as Co-Executive Chairman and continues to be named as a Director on Sunrun's CT Home Improvement Contractor license HIC#0642655. |
| 7.  | Defendants Sunrun Installation Services, Inc and Sunrun, Inc. are corporations based in San Francico, California. |
| 8.  | Defendant Paul Winnowski was the President of Sunrun at the time of the Plaintiff's departure from Sunrun in 2017 and continues to be named as a Director on Sunrun's CT Home Improvement Contractor license HIC#0642655. |
| 9.  | Upon information and belief Defendants Jurich, Powell and Winnowski are residents of California. |
| 10. | On November 11, 2022, Kaitlyn Simakauskas entered into a contract for solar panels with Sierra Ford aka Sierra Howes and Dakota Grumet on behalf of Sunrun. |

11. The solar panels were installed but not activated, and Kaitlyn Simakauskas filed a complaint with the Connecticut Department of Consumer Protection.

12. Defendants Brian Ferguson and Patrick Cassidy, special investigators with the Connecticut Department of Consumer Protection (the "DPC"), investigated the complaint, and interviewed Kaitlyn Simakuskas on August 21, 2023.

13. On August 22, 2023, Defendants Ferguson and Cassidy reviewed the DPC's electronic corporate listing for Sunrun and determined that the Plaintiff was the holder of the home improvement contractor license HIC#0642655 for Sunrun.

14. The arrest warrant concluded that because neither Sierra Ford aka Sierra Howes nor Dakota Grumet had a home improvement contractor salesperson's license supervised by Sunrun, the Plaintiff was criminally culpable for employing unlicensed salespeople.

15. C.G.S. Section 20-420a(d) requires Defendants Sunrun, Sunrun, Inc., Lynn Jurich, Mary Powell, and Paul Winnowski to inform the CT Commissioner of Consumer Protection changes "within 30 days" of those who will "direct or supervise the performance of home improvements by such corporation." None of the Defendants informed the CT commissioner of the Plaintiff's departure from Sunrun in 2017. In addition, none of these Defendants updated the CT Commissioner of Consumer Protection or the DPC about the departure of the Plaintiff from Sunrun in 2017 and his replacement in any of their annual renewal

submissions of their CT Home Improvement Contractor's license in 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024.

16. If Defendants Jurich, Winnowski, Powell and Sunrun promptly informed the CT Commissioner of Consumer Protection about the departure of the Plaintiff from Sunrun in 2017 and his replacement, the Plaintiff would not have been arrested.

17. If Defendants Jurich, Powell, Winnowski, and Sunrun had informed the CT Commissioner of Consumer Protection or the DPC about the departure of the Plaintiff from Sunrun in 2017 and his replacement at any point of time including in any of their annual renewal submissions of their CT Home Improvement Contractor's license in 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024, the Plaintiff would not have been arrested.

18. Defendants Jurich, Powell, Winnowski, and Sunrun's conduct created an unreasonable risk of causing severe emotional distress to the Plaintiff.

19. The Plaintiff brings this action for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the United States and the State of Connecticut.

20. Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Title 42, Sections 1982 and 1983 of the United States Code, and the Fourth and Fourteenth Amendments to the United States Constitution.

21. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

22. Venue lies in the District of Connecticut under 28 U.S.C. Section 1391(b), in that all the events of this complaint occurred within this District.

23. Defendant Brian Ferguson is a special investigator with the Connecticut Department of Consumer Protection.

24. Defendant Patrick Cassidy is a special investigator with the Connecticut Department of Consumer Protection.

25. Defendants Brian Ferguson and Patrick Cassidy are special investigators with the Connecticut Department of Consumer Protection, acting in their official capacity. They are being sued in their individual capacities.

26. Defendants Cassidy and Ferguson, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States.

27. In the manner described above, the injuries to Plaintiff were the direct and proximate result of the negligent actions of all of the Defendants.

28. The actions of the Defendants constituted the negligent infliction of emotional distress upon Plaintiff.

29. The Defendants knew or should have known that emotional distress was the likely result of such conduct.

30. The Plaintiff suffered anxiety and humiliation from the unlawful arrest and wrongful prosecution and incurred expenses to defend the charges.

31. The Plaintiff was falsely arrested, charged, retained counsel, and made several appearances in criminal court.

32. The charges were nolled on the second court date, May 8, 2024.

33. The Plaintiff suffered and continues to suffer distress.

34. As a result of the conduct of the Defendants, the Plaintiff experienced a sense of fear, anxiety, loss of sleep, interruption of his daily personal and employment activities, and humiliation at his place of work.

35. As a result of the conduct of the Defendants, the Plaintiff sustained damages and incurred expenses.

*Count Two              Negligence       (All Defendants)*

1-34. Paragraphs one through thirty-four of Count One are hereby incorporated as paragraphs 1-34 of Count Two.

35. Defendants had a legal duty to protect the Plaintiff and breached that duty.

36. As a result of the negligent conduct of the Defendants, the Plaintiff sustained damages.

*Count Three          42 U.S.C. Section 1983      (False arrest -Franks Violation)*
*(Defendants Cassidy and Ferguson)*

1-34. Paragraphs one through thirty-four of Count One are hereby incorporated as paragraphs 1-34 of Count Three.

35. Defendant Cassidy and Ferguson's actions were unjustified and unlawful.

36. The conduct of Defendants Cassidy and Ferguson constituted a "Franks violation" in violation of the Fourth Amendment to the United States Constitution.

37. Without the deliberate falsehoods or reckless disregard of facts a magistrate would not have issued a warrant for the Plaintiff's arrest.

38. The omissions or material falsehoods in the arrest warrant were designed to mislead the magistrate or were made in reckless disregard of whether they would mislead the magistrate.

39. The warrant failed to include the fact that the Plaintiff ceased working for Sunrun in 2017.

40. The arrest warrant was constitutionally deficient in that it did not include information that the Plaintiff was not employed by Sunrun at the relevant times in 2022 and could not be responsible for employing an unlicensed salesperson at that time.

41. The warrant failed to include the fact that the Plaintiff was not responsible for hiring salespeople for Sunrun in 2022.

42. The warrant affidavit excluded facts that would undermine a probable cause determination to arrest the Plaintiff.

43. As a result of the conduct of the Defendants Cassidy and Ferguson the Plaintiff sustained injury and damages.

*Count Four*             *Violations of the Connecticut Constitution*

*(Defendants Cassidy and Ferguson)*

1-42.   Paragraphs one through forty-two of Count Three are hereby incorporated as paragraphs one through forty-two of Count Four.

43.   The actions of Defendants Ferguson and Cassidy violated the laws and Constitution of the State of Connecticut.

*Count Five*             *False Imprisonment (State law claims)*

*(Defendants Cassidy and Ferguson)*

1-42.   Paragraphs one through forty-two of Count Three are hereby incorporated as paragraphs one through forty-two of Count Five.

43.   As a result of the conduct of Defendants Cassidy and Ferguson, the Plaintiff's physical liberty was restrained, the restraint was against his will, and the Plaintiff did not consent to the restraint.

44.   Defendants Cassidy and Ferguson acted with the purpose of imposing confinement or with knowledge that such confinement would, to a substantial certainty, result from it.

45.   The Plaintiff was conscious of the confinement when it occurred, and he was harmed by the confinement.

46.   Asa a result of the actions of Defendants Ferguson and Cassidy, the Plaintiff sustained injury, expenses and damages.

*Count Six*                              *False Arrest (State Constitution)*

*(Defendants Cassidy and Ferguson)*

1-45.   Paragraphs one through forty-five of Count Five are hereby incorporated as paragraphs 1-45 of Count Six.

46.   The reckless conduct of Defendants Cassidy and Ferguson constituted the false arrest of the Plaintiff under Article I, Section 9 of the Connecticut Constitution.

46.   As a result of the actions of Defendants Ferguson and Cassidy, the Plaintiff sustained injury, expenses and damages.


                              The Plaintiff
                              By his Attorney

                              /s/ Robert Berke
                              _____
                              Robert M. Berke
                              640 Clinton Avenue
                              Bridgeport, CT 06605
                              203 332-6000
                               203 332-0661 fax
                              Bar No. 22117
                              robertberke@optonline.net
                              www.robertberke.com

## **JURY DEMAND**

The Plaintiffs request a trial by jury.

                                        The Plaintiff

                                        By his Attorney

                                        /s/ Robert Berke
                                        _____
                                          Robert M. Berke
                                        640 Clinton Avenue
                                        Bridgeport, CT 06605
                                        203 332-6000
                                        203 332-0661 fax
                                        Bar No. 22117
                                        robertberke@optonline.net

      **WHEREFORE,** the Plaintiff prays for judgment against the Defendants and each of them as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorneys' fees and costs; and

D. Such other and further relief as this Court shall deem appropriate.

By his Attorney

*/s/  Robert Berke*

_____Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net